THE STATE OF KANSAS v. WILLIAM C. KRUM.

CROSS-EXAMINATION — *General Rule.* It is a general rule that any question may be put to a witness on cross-examination, the answer to which may have a tendency to show bias or prejudice on the part of the witness.

*Appeal from Brown District Court.*

AT the January Term, 1884, the defendant *Krum* was convicted and sentenced for a violation of the prohibitory liquor law. He appeals. The facts appear in the opinion.

*W. D. Webb,* for appellant.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: This was a prosecution for a violation of what is commonly known as the prohibitory law. The information was drawn under §§ 1 and 13 of said act, ch. 128, Laws of 1881. The defendant was convicted of keeping and maintaining, in the town of Baker, Brown county, a place where intoxicating liquors were sold for other than medical, scientific and mechanical purposes. The court directed the sheriff of Brown county to abate the place as a common nuisance, and sentenced the defendant to pay a fine of one hundred dollars and the costs of prosecution, and also to be imprisoned in the

county jail until the fine and costs were paid. From the conviction and sentence the defendant appeals.

It is alleged the trial court erred in excluding testimony offered by the defendant. The facts are these: One Stephens was a witness on the part of the prosecution. He testified that he was at the defendant's place of business in December, 1883, about a week before Christmas; that he called for a glass of cider; that the defendant winked at him and said he had nothing but champagne cider; that the defendant poured it out into a glass; that he, the witness, drank it; that the liquor was beer; and that the witness paid for it.

On cross-examination the witness testified that his boarding-place was at Mr. Bell's, two miles from Baker; that Samuel Richey boarded there with him. Thereupon, to further cross-examine him, the attorney of the defendant asked the witness to state whether or not he slept with Samuel Richey. This question was objected to on the part of the prosecution, upon the ground that it was immaterial, incompetent, and irrelevant. The attorney for defendant then stated he desired to show by the witness that he and Samuel Richey were warm friends, and boarded and slept together; that he proposed to follow this by other evidence showing Samuel Richey had been arrested on the complaint of defendant for assault with intent to kill him, the defendant; that he had been held to bail for the offense; that after being held to bail, the docket of the justice before whom Richey was arrested had been changed so as to show that Richey plead guilty to an assault and battery, and was fined five dollars only; that he desired also to show by the witness that Richey and witness had agreed with the prosecuting attorney to furnish testimony sufficient to convict the defendant of the charge set forth in the information, upon the condition that Richey be permitted to plead guilty, upon the complaint filed against him by the defendant, to an assault and battery, and be fined five dollars only. The court sustained the objection made by the prosecution, and the defendant excepted. Thereupon the defendant offered to prove by the witness each and every one of the statements above set forth,

excepting those matters of record on the docket of the justice of the peace. The state objected, the court sustained the objection, and the defendant excepted. Subsequently one L. S. Herbert was offered as a witness by the defendant, who being duly sworn said:

"I hold the office of justice of the peace of Hiawatha city, Brown county, Kansas."

*Question by plaintiff:* "What is that book you hold in your hand?" *Answer:* "It is my criminal docket."

*Question:* "Is there a case on that docket of The State of Kansas against Samuel Richey?"

The plaintiff objected to the question as incompetent, irrelevant, and immaterial.

The defendant's counsel stated to the court that he offered to prove by this witness and his docket that a case was brought against Samuel Richey in the name of the state of Kansas, on a complaint made about a week ago by the defendant in this case, for an assault with intent to kill; that Richey was held to bail on the charge; that about two days after, at the request of the county attorney, Richey was released from bail, and a fine of five dollars was rendered against him on that complaint. And he further stated that he proposed to follow such testimony by showing that Richey and the witness Stephens had made an arrangement with the county attorney to furnish evidence to convict the defendant in this case, on condition that Richey be released from the order holding him to bail, and be permitted to plead guilty to an assault and battery, and be fined five dollars only on the complaint made by the defendant against him.

The court sustained the objection, and held that none of the evidence was admissible, and the defendant excepted.

The court committed error in refusing to allow Stephens to be cross-examined concerning the alleged conspiracy or arrangement between himself, Richey and the prosecuting attorney, whereby the former agreed with the latter, in consideration that the charge of felony against Richey should be abandoned and Richey be permitted to plead guilty to an assault

and battery and be fined the sum of five dollars only, to furnish sufficient testimony to convict the defendant of the offense charged against him. If the witness had admitted that he had entered into the alleged arrangement, the evidence would have been before the jury for their consideration as affecting his credibility. On the other hand, if he had denied the arrangement, the evidence offered by the defendant showing that Richey and the witness had entered into said agreement with the county attorney would have been admissible to contradict him. The general rule is that anything tending to show bias or prejudice on the part of a witness may be brought out upon his cross-examination. The reason for this is that such matters affect the credit due to the testimony of the witness, and therefore it is proper to indulge in this kind of inquiry. (*Harris v. Tippett*, 2 Campb. 637; *Attorney General v. Hitchcock*, 11 Jur. 478; *Morgan v. Frees*, S. C. N. Y., 1 Am. Law Reg. 92; *Chapman v. Coffin*, 14 Gray, 454; *Davis v. Roby*, 64 Me. 430; *Cameron v. Montgomery*, 13 S. & R. 128; *Batdorf v. Bank*, 61 Pa. St. 183; 1 Wharton on Evidence, § 566; 1 Greenl. on Ev., 13th ed., § 449; also §§ 455–459, 461.)

The evidence that Richey and the witness slept together was competent as tending to show their intimacy, provided it was followed up by the additional testimony of the conspiracy on the part of the witness with Richey to furnish evidence to convict the defendant. As the court refused to receive any evidence concerning the alleged conspiracy, the subsequent evidence offered on the part of the defendant to establish the same was irrelevant and immaterial; but if the witness had denied the conspiracy, the subsequent evidence would be admissible to contradict him.

The judgment of the district court must therefore be reversed, and the cause remanded for a new trial.

All the Justices concurring.