## HENRY L. CLARK, *et al.*, v. FRANK A. PHELPS.

1. CROSS-EXAMINATION, *No Material Error in Limiting.* While it is proper for a court to permit a party, on cross-examining the witness of the adverse party, to put questions to the witness, the answers to which may tend to show bias or prejudice toward the party conducting the cross-examination, yet, where many such questions have been asked and answered, and the exact relations and feelings existing between the witness and the party conducting the cross-examination have been shown, the court may not commit material error in refusing to permit further questions for the same purpose to be asked; and *held*, in the present case, that no material error was committed in this respect.

2. ———— *No Material Error.* Other matters considered, and *held*, that the court did not commit material error with reference thereto.

3. IMPEACHING EVIDENCE; *No Material Error.* The plaintiff introduced evidence for the purpose of impeaching the testimony of one of the witnesses for the defendant, and in doing so introduced some evidence that could not have been introduced in any other manner, and might have been left out of the case entirely; but *held*, under the circumstances of the case, that the court did not commit material and reversible error.

*Error from Leavenworth District Court.*

ACTION by *Phelps* against *B. C. Clark & Co.*, to recover money. Trial at the January Term, 1885, and judgment for plaintiff for $507.50. The defendants, *Henry L. Clark* and *Drusie Clark*, administratrix of the estate of B. C. Clark, deceased, as successors to the original defendants, bring the case to this court. The opinion states the material facts.

*Stillings & Stillings*, for plaintiffs in error.
*Lucien Baker*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Leavenworth county by Frank A. Phelps against B. C. Clark & Co., to recover the sum of $1,344.07, for services and money advanced. The case was tried before the court and

a jury, and a verdict and judgment were rendered in favor of the plaintiff and against the defendants for $507.50, and the present plaintiffs in error, as successors to the original defendants below, now bring the case to this court for review.

The first assignment of error is, that the court below refused to permit the defendants below to ask the plaintiff's witness, C. L. Knapp, on cross-examination, the following question: "Didn't you try to get away their [the defendants'] salesmen, so as to leave their [the defendants'] house without salesmen?" This question was not asked for the purpose of obtaining any evidence concerning the merits of the controversy, and it was wholly irrelevant to the merits; but it was asked for the purpose of eliciting evidence tending to show that the witness, Knapp, was prejudiced against the defendants. The court might very properly have permitted the question to be asked and answered. (*The State v. Krum,* 32 Kas. 373.) But under the circumstances of this case, we do not think that any material error was committed by the refusal. Many other questions were asked and answered tending to show the exact relations existing between the witness and the defendants and his feelings toward them, and hence the refusal to permit this question to be asked or answered was of but very little consequence, and not material error. Besides, courts seldom enter into the small details of transactions, or into the minute investigation of collateral facts, merely for the purpose of ascertaining any bias or prejudice that may possibly exist on the part of the witnesses of the adverse party. Such a course would have a tendency to render the trial of cases interminable.

1. Cross-examination, no material error in limiting.

The next assignment of error is, that the court below erred in refusing to permit the same witness, upon cross-examination, to answer the following question propounded by the defendants, to wit: "State how the fact is — whether the position of book-keeper in the wholesale department is not one of the most responsible positions there can be in a house?" This question has nothing to do with the merits of the case, nor could the answer to the question have affected the merits;

2. No material error. and we cannot see that the court committed any material error in refusing to permit the question to be answered, although the court, under the circumstances, might very properly have done so, as it had already been shown what the book-keeper received as compensation, and as the object of the question was to show that the position of book-keeper was a more responsible position than that of the plaintiff, Phelps.

The next claim of error is, that the court below asked a certain witness many questions, and, after the answers were given, then remarked: "It is only a basis; that is all I want to get." It is admitted that it would not have been error for the court to have permitted the counsel for the plaintiff to ask the questions, and we cannot say that the court below committed any material error in asking them itself, or in making the remark it did.

The next ruling of the court below complained of is in permitting the plaintiff's witness in rebuttal, James J. Daniels, to detail a conversation had between him and one of the defendants' witnesses, Charles Thompson, who had previously testified in the case, showing what Thompson had said in such conversation that B. C. Clark, who had been the principal plaintiff in this case, but who was then deceased, had said in his lifetime. We cannot say that the court below committed material error in this. The testimony of Thompson concerning this conversation between him and Daniels had previously been given, and Thompson had testified that this conversation was the only one which they had had upon the subject, and that this conversation was had in a car while they were going from Leavenworth to Kansas City. Thompson was asked by the plaintiff on cross-examination the following, among many other questions: "Did you say to Mr. Daniels in any conversation that you had told B. C. Clark that he was in the wrong, and that Frank would beat him in any case?" Thompson answered: "No, sir; I never did." Thompson also testified in substance in answer to other questions by the plaintiff, that he had always stated substantially the reverse of this. The

only thing which Daniels testified that Thompson said that B. C. Clark said, was as follows: "B. C. Clark told him that there would probably be a law suit, but he should fight it to the end." And Daniels further testified that Thompson said that his (Thompson's) reply to this remark of Clark's was: "If he went into court with the case there was, Frank was sure to beat him." Some of the testimony of Daniels could not have been introduced for any purpose except for the purpose of impeaching some of the testimony of Thompson, and some of it was not proper in the case at all; but,

**3. Impeaching testimony, no material error in admitting.** under all the circumstances of the case, we cannot say that the court below committed any such material error in permitting such testimony to go to the jury as will require a reversal of the judgment below.

We do not think that the charge of the court was erroneous or misleading.

The judgment of the court below will be affirmed.

All the Justices concurring.