## HENRY BASSETT v. T. M. GLASS.

### No. 12.700.   (70 Pac. 336.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Latitude in Cross-examination.*
The latitude permissible in the cross-examination of a party as a
witness in his own behalf, on collateral matters tending to test
his veracity or to affect his credibility as a witness, and the like,
or on matters directly connected with the subject of his examina-
tion in chief, which tends to destroy or modify the inference
which the jury would necessarily draw from such direct testi-
mony standing alone, unqualified and unexplained, rests in the
sound discretion of the trial court, and depends on the appear-
ance and conduct of the witness and the nature and circumstances
of the case.   The exercise of this discretion will not be controlled
by this court except in case of abuse working injury to the party
complaining.

Error from Labette district court; A. H. SKID-
MORE, judge.   Opinion filed October 11, 1902.   Af-
firmed.

*Burton & Clark*, and *A. D. Neale*, for plaintiff in error.
*Francis M. Brady*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. ·  This was an action by Bassett against
Glass to recover a reward of $500 alleged to have
been offered for the arrest and conviction of the per-
son or persons guilty of the murder of the son of
defendant, at the town of Welch, in the Indian terri-
tory.

It appears from the record that one Melvin Love-
lace attempted to rob young Glass; that the latter re-
sisted and Lovelace murdered him.   Prior to the
murder plaintiff had formed the acquaintance of, and
was intimate in his relations with, Lovelace at Che-
topa.   Lovelace informed plaintiff that he was going

to Welch to commit the crime of robbery, and solicited plaintiff to go with him and participate in the commission of the crime.   After the murder plaintiff imparted this and other information to the officers, subscribed and swore to a complaint against Lovelace, and appeared and testified at the trial at which Lovelace was convicted of the murder.

The record further shows that, prior to the bringing of this action, plaintiff had brought another action against defendant for this reward, in which his counsel had filed a notice of attorneys' lien.   Shortly before that action was to be tried plaintiff had received from one Hazen, a son-in-law of defendant, the sum of $125, and had left the country, and the action was dismissed.   Thereupon counsel for plaintiff in that action commenced their action against defendant to recover the amount of their attorneys' fees, in which action plaintiff gave his deposition, testifying that he had received the $125 from Hazen to leave the country and dismiss the action.   The answer filed in this action was a general denial.   Upon the trial, counsel for defendant were permitted, in cross-examination of plaintiff as a witness in his own behalf, to interrogate him on his former testimony that he had received $125 from Hazen for the purpose of leaving the country and dismissing the prior action; and, also, to show his acquaintance and relation with Lovelace prior to the murder, for the purpose of affecting his credibility as a witness, and as tending to show his knowledge of, and participation in, the crime out of which the claimed reward arose.   There were verdict and judgment for defendant, and plaintiff brings error.

The principal proposition relied on by counsel for plaintiff in error to work a reversal of this judgment is that defendant was permitted, by way of cross-ex-

amination of plaintiff, under a general denial, to show payment of the reward offered ; that payment is an affirmative defense which must be pleaded, and, hence, the cross-examination was error.

Was such cross-examination extended to limits so improper as to be erroneous, and compel a reversal of the judgment ? We think not. Conceding payment to be an affirmative defense which must be specially pleaded, we do not think the cross-examination of which complaint is made was for the purpose of showing payment. The real question is, Was the cross-examination so highly improper and prejudicial as to be material error ? The form of the pleadings does not affect this question.

It must be remembered that the witness under cross-examination was the plaintiff, testifying in his own behalf, in an action for a reward. In his direct examination, he gave testimony tending to show the offer of reward ; his acquaintance and relations with Lovelace prior to and after the homicide ; the part he had taken in giving information to the officers and securing the conviction of Lovelace—the natural inference to be drawn from this testimony being that plaintiff, in good faith, was seeking the recovery of a reward justly due him in bringing the murderer to justice. The testimony elicited from the plaintiff upon cross-examination tended to show his intimate acquaintance and relations with Lovelace prior to the commission of the crime ; that he had kept secret the proposed robbery by Lovelace at Welch until after the murder ; and an attempt to show that he had brought a prior action for the reward ; the dismissal of such action ; his acceptance of the sum of $125 for the purpose of dismissal ; his leaving the country ; and the

giving of his deposition in a prior case in which he had testified to such facts.

The extent to which one may be cross-examined on matters collateral to the main issue, to elicit information tending to show the hostility of the witness, his interest in the result of the litigation, or which tends to test his veracity or accuracy, or which has a tendency to affect his credibility as a witness, and the like, or on matters directly connected with his examination in chief, which tend to destroy or modify the inference naturally to be drawn from his direct testimony, rests largely in the discretion of the trial court and depends on the appearance and conduct of the witness, the nature of the case under investigation, and all the facts and circumstances in relation thereto. The exercise of this discretion by a trial court will not be controlled here except for abuse which has worked error to the party complaining.   In the case of *The State v. Pfefferle*, 36 Kan. 90, 12 Pac. 406, this court held :

"The extent to which a witness may be cross-examined on matters irrelevant and collateral to the main issue, with a view of impairing his credibility, depends upon the appearance and conduct of the witness, and all the circumstances of the case, and necessarily rests in the sound discretion of the trial court ; and only where there has been a clear abuse of that discretion will error lie."

In the opinion in *Blake v. Powell*, 26 Kan. 320, 326, Mr Justice Brewer said :

"A cross-examination is not limited to the very day and exact fact named in the direct examination.   It may extend to other matters which limit, qualify or explain the facts stated on the direct examination, or modify the inferences deducible therefrom, providing only that such matters are directly connected with the facts testified to in chief."

In Rice on Evidence, volume 3, section 232, it is said :

"When a witness gives material evidence it is always important to ascertain and discover how much weight or reliance can be placed upon his testimony. Whatever may weaken or tend to discredit his evidence is important and material and necessarily affects the determination of the issue." ( See, also, *The State v. Krum,* 32 Kan. 372, 4 Pac. 621 ; *The State v. Collins,* 33 id. 77, 5 Pac. 368 ; 8 Encyc. Pl. & Pr. 109, and cases cited.)

The relations and association of plaintiff with Lovelace prior and subsequent to the murder, and his knowledge that Lovelace proposed the commission of the crime of robbery at the place where the murder occurred, prior to the murder, were proper subjects of investigation, not only for the purpose of affecting the credibility of the witness, but because of its tendency to show the close connection of plaintiff with the crime out of which the claimed reward arose.    The testimony of plaintiff taken in the former case as to the bringing of the prior action for the reward, his receipt of a sum of money upon an agreement that he should leave the country and permit the action to be dismissed, and the dismissal of the action, were also proper subjects of cross-examination, as tending to affect the credibility of the witness, and, the same being connected with the subject-matter of his examination in chief, to rebut the inference which the jury would necessarily draw from such testimony, standing alone, unqualified and unexplained by his former conduct in dealing with the subject-matter of the case.

Plaintiff complains of the refusal of the court to give certain special instructions requested, and of an instruction given by the court in its general charge to the jury.    The charge of the court embodies, sub-

stantially, the instructions refused. Wherein the charge of the court fails to state the law, and in what respect the instructions given are erroneous as matter of law, are not specified.

It follows that the judgment must be affirmed, and it is so ordered.

All the Justices concurring.