## THE STATE OF KANSAS v. EDWARD COOVER.

### No. 13,742.    ( 76 Pac. 845.)

#### SYLLABUS BY THE COURT.

1. CRIMINAL PROCEDURE—*Amendment of Information.* An information charging in one count the crime of burglary and grand larceny, and containing in its caption, and body the name of defendant, was amended after the jury had been impaneled and sworn by inserting in the body thereof the name of defendant, where, by a clerical error, it had been omitted. *Held,* that such amendment went to the form, and not to the substance, of the information, and was authorized by section 72 of the criminal code (Gen. Stat. 1901, § 5513), and that defendant was not prejudiced thereby.

2. ——— *Limitation of Review upon Appeal.* Where upon the trial objection is made to the admission of testimony upon a ground which is held insufficient, upon appeal this court will not consider any other ground for such objection. (*Edmondson v. Beals,* 27 Kan. 656.)

3. GRAND LARCENY—*Money Properly Admitted in Evidence.* Where in a charge of grand larceny the greater part of the property stolen was money in coin of small denominations—nickels and dimes—it is not error to introduce in evidence money of the kind and denominations stolen, which is shown to have been in the possession of defendant soon after the crime was committed, though not identified as the specific money stolen, the same being offered with other circumstantial evidence, tending to show defendant's guilt.

Appeal from Geary district court; O. L. MOORE, judge. Opinion filed May 7, 1904. Affirmed.

*Thomas Dever,* for appellant.

*C. C. Coleman,* attorney-general, and *W. S. Roark,* for The State.

The opinion of the court was delivered by

ATKINSON, J.: Edward Coover was charged with the crime of burglary and grand larceny by an information filed in the district court of Geary county and

found guilty, and from this conviction he appeals. The information in one count, in substance, charged defendant with breaking into a building in the night-time and stealing and carrying away coin in denominations of nickels, dimes, quarters, and half-dollars, of the value of thirty-two dollars, and one pistol with black handle, of the value of three dollars. Complaint is first made that after the jury had been sworn the court permitted the county attorney, over the objection of defendant, to amend the information by inserting in the body thereof the name of defendant. In this the court committed no error. The information in its caption bore the name of defendant and his name was found elsewhere in the body of the information. Its omission was merely a clerical error, and inserting the name was an amendment as to its form only and not to its substance. Such amendment is authorized (Crim. Code, § 72, Gen. Stat. 1901, § 5513), and was not prejudicial to the rights of defendant.

Soon after his arrest, defendant was taken by the sheriff to the office of the county attorney and by him asked ninety-six questions, each of which, together with defendant's answer thereto, was taken in shorthand by a stenographer and subsequently transcribed. The county attorney at the time stated to defendant that he need not answer the questions unless he so desired. At the trial, upon cross-examination the attention of defendant was directed to forty of these questions and answers, the questions separately read, and defendant asked if he had made such answers thereto. Defendant denied making the answers. The stenographer who had taken and transcribed the questions and answers testified to their correctness. These questions and answers, over the objection of defendant, were read to the jury. That the trial court

permitted the state so to use these questions and answers against the defendant is assigned as error.

The claim is made in this court, upon oral argument and in the brief of defendant, that the reading of these questions and answers in evidence was in violation of the constitutional rights of defendant. The question thus presented is somewhat serious; however, the record discloses that the only objection made to the county attorney's reading the forty questions and answers to the jury was because they were incompetent, irrelevant, and immaterial, and for the further reason that there had been no foundation laid for offering them in evidence. A different objection, and one going to the constitutional rights of defendant, was raised when the county attorney read to the jury the statement made by him to defendant when the questions and answers were taken, but no such objection, nor any objection which raises the question we are asked to review, was properly made to the reading of the questions and answers to the jury. We must review the case upon the objection of counsel and the ruling of the court made at the trial. (*Howard v. Howard*, 52 Kan. 469, 34 Pac. 1114, and *Edmondson v. Beals*, 27 id. 656.) We must presume that, had the objection now presented been made to the trial court, a proper ruling would have been made thereon.

Error is assigned that the trial court permitted nine dollars in coin, mostly nickels and dimes, to be introduced in evidence. Of this sum, $3.45 was taken from the person of defendant at the time of his arrest, and six dollars of it was money spent by defendant in a gambling resort on the morning of the day the crime was committed. None of it was identified as the specific money stolen, nor was all of the six

dollars shown to be the exact money by defendant spent in the resort. The money recently stolen was in small coin. There was evidence tending to show that the money introduced in evidence, or money of the same kind and denomination, was in the possession of defendant soon after the crime had been committed. If this had been the. only evidence offered by the state as a circumstance tending to show defendant's guilt, the failure to identify specifically the money introduced in evidence might be a serious question.

The record in this case discloses that in the early morning of May 23, 1903, an entrance was effected through a rear window of a building in Junction City occupied as a "joint." The person effecting the entrance stole from the proprietors of the joint thirty-two dollars in money, most of which was in small coin, and also a 32-caliber revolver with black handle, of the value of three dollars. About eighteen or nineteen dollars of the money taken was in nickels and dimes. The property stolen was left in the building by the proprietors upon closing, about twelve o'clock on the evening of May 22. The manner in which the entrance was effected and the money taken from its accustomed place of keeping indicated that the crime had been committed by a person familiar with the store and its surroundings. Blood-stains were found at several places in the building. Defendant, who was a frequenter of the place, was present at the time of closing the evening before. He was familiar with the surroundings and the place where the property stolen was kept. A portion of the money was kept locked in a drawer and the key to it was kept in an adjoining drawer. The key had been taken, the money-drawer unlocked, the money taken .

therefrom, the drawer again locked and the key returned to its proper place. About 6:30 o'clock of the morning the property was stolen, defendant entered the place, passed into a back room of the building, washed and dried his hands upon a towel, and left thereon blood-stains. His conduct at the time and the blood-stains upon the towel caused suspicion. One of the proprietors detained him and he was arrested. There was found upon his person at the time the sum of $3.45 in coin of small denominations. It was also found that the thumb and finger of one hand had slight cuts or wounds upon them from which blood flowed slightly. It was learned that he had spent the time from one o'clock to five o'clock of the morning of the burglary in a gambling resort; that while there he had paid out about eight dollars, mostly in nickels and dimes. Blood-stains were observed upon the cards and money handled by defendant. A revolver, answering the description of and identified upon beliefs by two persons as being the one stolen from the place, was found at the defendant's home. Tracks in the soft earth at the window where the entrance to the building was effected corresponded in measurement with, and fitted to, the shoes worn by him the next morning when arrested.

The foregoing are some of the circumstances in evidence before the jury tending to show defendant's guilt. The introduction in evidence of this money, consisting of coin of small denomination, mostly nickels and dimes, was merely proof of an additional circumstance tending to show his guilt. The fact that, in kind and denomination, this money corresponded with that recently stolen, coupled with the unusual circumstance of a person's having and carrying about that amount in coin of so small denomina-

tions, was a circumstance which, taken in connection with all the other circumstances in evidence tending to show defendant's guilt, was competent to go to the jury, under proper instructions.

Upon cross-examination, with the view of affecting his credibility as a witness, defendant was interrogated by the state with reference to particular occasions of arrest, a charge of larceny, and the further fact that he had been sent to the reform school. This was not error. The cross-examination was within the rule laid down in *Bassett v. Glass*, 65 Kan. 500, 70 Pac. 336. Other errors are assigned, but an examination of the record discloses them to be without merit.

The judgment of the court below is affirmed.

All the Justices concurring.