No. 25,185.

FRANCIS D. BOWHAN, *Appellee*, v. COLLINSON AUTO COMPANY et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. CONTRACT—*Fraudulent Sale of Automobile—Cross-examination of Party to Action—Judicial Discretion.* When in the trial of a civil action a party takes the witness stand in his own behalf, the latitude of his cross-examination for the purpose of affecting his credibility rests largely in the sound discretion of the court. And unless that discretion is abused error will not lie.

2. SAME—*Sale of Automobile—Fraudulent Representations—Rescission of Contract.* When one contracts to buy a new automobile of a certain make and style, and the dealer shows him a car, and leads him to presume it to be a new car of the make and style contracted for, but asks him to inspect it in the salesroom before paying for it, which he does, the fact that he made such inspection and did not discover that it was an old car repainted until after he paid for it, will not destroy his contract of purchase, nor convert the purchase into one on inspection at his risk, so as to defeat his action, upon returning the car, to recover the price paid.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed December 6, 1924. Affirmed.

*W. L. Cunningham,* and *D. Arthur Walker,* both of Arkansas City, for the appellants.

*W. H. Sproul,* of Sedan, *John Madden,* and *John Madden, Jr.,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action to recover the price paid for an automobile which plaintiff claimed he had been induced to buy by fraudulent representations that it was a new car, and which he

had returned to defendant promptly on discovery that it was an old one. It was tried to a jury which made findings of fact and rendered a general verdict for plaintiff, and the defendant has appealed.

Plaintiff's evidence tended to show that in July or August, 1921, he made a parol agreement with the defendant, who was conducting an automobile sales business at Arkansas City, to purchase a new Kissel roadster, which defendant was to deliver to him at the office of the Consolidated Motors Company, at Kansas City, Mo.; that the car was to be a new car, have disc wheels and a trunk rack and trunk; that defendant was to notify him when the car was ready for delivery; that later defendant did so notify plaintiff, and plaintiff went to Kansas City and was there shown a car; that plaintiff noticed the car did not have disc wheels nor the trunk rack and trunk, and called defendant's attention thereto; that defendant said the trunk rack and trunk would be put on later, and that because of the speed of this car the company did not put it out with the disc wheels; that plaintiff had an opportunity to examine the car at the salesroom of the Consolidated Motors Company, but did not discover that it was an old car repainted; that he was led to believe by defendant that it was a new car as ordered; that he paid for it by giving his check for $2,900, and his note, secured by mortgage on the car, for $427, the balance of the purchase price, and started to drive it away; that he drove it a few blocks and noticed one cylinder was missing, and drove back to the Consolidated Motors Company's place of business, where a new spark plug was put in. He started again, and after driving a few blocks the car stopped, and it was found that the gasoline line was clogged up. An examination then made disclosed that it was an old repainted car, and not a new car. He took it back to the Consolidated Motors Company, but it being Sunday and the place closed, he could not leave it, but did leave it there the next day. He then went back to Arkansas City and demanded of defendant the return of the purchase price of the car. This was refused, and suit was brought.

Defendant complains of the extent to which the court permitted him to be cross-examined. Over his objection, he was asked how many times he had had lawsuits over automobiles based on the alleged ground of fraud practiced by him, and stated that he had had one in fifteen years; that about six months before the trial of

this case there was another one which was still pending in the trial court, and that this was the third. Plaintiff made no effort in re-buttal to contradict the evidence of defendant thus brought out on cross-examination. Defendant contends that this cross-examination was improper and prejudicial, and in support of that argument cites many authorities. It will not be necessary to review these au-thorities. It is well settled, when a party to an action is a witness in his own behalf, the latitude of his cross-examination upon mat-ters tending to affect his credibility as a witness rests largely in the sound discretion of the trial court. Unless that discretion is abused no error will lie. (*Bassett v. Glass,* 65 Kan. 500, 70 Pac. 336; *The State v. Pfefferle,* 36 Kan. 90, 12 Pac. 406.)

The jury answered special questions, as follows:

"1. Did the plaintiff have an opportunity to examine and inspect the car in question before purchasing it? A. Yes.

"2. After making such examination and inspection as he cared to make and had opportunity to make, did he purchase it? A. Yes.

"3. Did Collinson believe the car was a new car at the time plaintiff pur-chased it? A. No.

"4. Did Collinson have reasonable cause to believe the car was a new car at the time plaintiff purchased it? A. No.

"5. Did Collinson tell plaintiff before plaintiff purchased the car that he wanted plaintiff to be satisfied about the car before he, Collinson, paid for it? A. No.

"6. Did plaintiff by word or conduct lead Collinson to believe that he, the plaintiff, was satisfied with the car before Collinson paid for it? A. Yes.

"7. Did Collinson, relying upon such belief, pay for the car? A. Yes."

The defendant moved to set aside answers of the jury to special questions Nos. 3, 4 and 5, for the reason that they were not sus-tained by the evidence. This motion was overruled. There was evidence to sustain these findings.

Defendant then moved for judgment in his favor on answers to special questions, notwithstanding the general verdict, which motion was overruled.

It is argued that since plaintiff had an opportunity to examine and inspect the car, and purchased it after making such examina-tion and inspection, he cannot recover, though the car sold was not a new one. There was evidence tending to support plaintiff's theory of the case that his contract was for a new car, and that he paid the price for a new car. He was not buying a car based upon in-spection, but was buying one under a contract. The fact that in

such examination as he made of it in the salesroom before paying for it did not disclose that a fraud was being practiced upon him, would not preclude his recovery.

Appellant complained that the court refused to give the requested instruction. We have examined the instructions given by the court, and are of the opinion that they fully and fairly presented the issues.

Lastly, appellant contends that in any event plaintiff should not have recovered more than the $2,900 which he paid in cash, while the verdict of the jury permitted him to recover also for the note given. The record does not disclose that this question was raised in the court below, nor does it disclose whether or not the defendant still had the note at the time of the trial. It may have been indorsed and in the hands of some holder in due course.

Finding no error in the record, the judgment of the court below is affirmed.