No. 48,335

State of Kansas, *Appellee*, v. Albert G. Edwards, *Appellant*.

(559 P. 2d 807)

Opinion filed January 22, 1977.

*William D. Mize*, public defender, of Salina, argued the cause and was on the brief for appellant.

*James L. Sweet*, county attorney, of Salina, argued the cause, and *Curt T. Schneider*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, C. J.: The defendant was convicted by a jury of permanently depriving the City of Salina of the possession, use or benefit of property of the value of more than $50, in violation of K. S. A. 21-3701, and of possessing a key or other instrument suitable for use in opening a parking meter with intent to commit a theft, in violation of K. S. A. 21-3741.

The evidence showed that between 11:00 and 12:00 o'clock a. m., on April 19, 1975, Carol Roman and Patricia Mallory were working for the Salina Cable Television located across the street from Municipal Parking Lot No. 10, where they observed the defendant and his partner opening parking meters in the parking lot and removing money from them and placing the money in a white bag.

The Salina Police were summoned to the scene, and upon Officer Wendlandt's arrival he observed the two men, matching the description given by the dispatcher, seated in a green automobile. Officer Wendlandt ordered both men out of the vehicle and he observed the passenger, the defendant, drop what appeared to be a key used for opening coin-operated machines between the front

seats of the automobile. Officer Wendlandt observed the key by looking down through the windshield and recognized the key as being the type used to open parking meters. After both men were removed from the automobile, Officer Wendlandt opened the car door and removed the key from the floorboard.

The occupants and the vehicle were taken to the Salina Police Station, where a search warrant was obtained and the vehicle was searched inside the police garage, pursuant to the search warrant. Officers found in the glove compartment a blue zipper bank bag which contained the white bag observed by Mrs. Mallory, $64.50 in nickels, dimes and quarters and empty money wrappers.

The defendant contends the district court erred in denying the defendant's motion to dismiss Count I of the information—the crime of theft—because the offense of theft involved stealing from parking meters and constituted the offense of opening coin-operated machines in violation of K. S. A. 21-3740. The statute reads in part:

"Opening, damaging or removing coin-operated machines is willfully and knowingly opening, removing or damaging any parking meter, coin telephone, vending machine dispensing goods or services, money changer or any other device designed to receive money in the sale, use or enjoyment of property or services or any part thereof, *with intent to commit theft. . . .*" (Emphasis supplied)

It is observed our statute does not make the actual theft of monies an element of the offense, but merely requires an *"intent to commit [a] theft."* In this respect, the statute is similar to our burglary statute, K. S. A. 21-3715, which provides in part:

"Burglary is knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, *with intent to commit a felony or theft therein. . . .*" (Emphasis supplied)

K. S. A. 21-3701 defines the crime of theft and reads in part:

"Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of his property:
"(*a*) Obtaining or exerting unauthorized control over property; or . . ."

In *State v. Finley,* 208 Kan. 49, 490 P. 2d 630, the court in commenting on charging a defendant with burglary and larceny said:

"Although, they may be charged in the same count of an information under 21-524, supra, *larceny and burglary are separate and distinct offenses. There is no compound offense of burglary and larceny.* (*State v. Bratcher,* 105 Kan. 593, 185 Pac. 734; and *State v. Mooney,* 93 Kan. 353, 144 Pac. 228.) Even

though charged in the same indictment a conviction may be had for one offense, notwithstanding an acquittal for the other. (*State v. Ingram,* 198 Kan. 517, 426 P. 2d 98.) . . ." (l. c. 57, 58) (Emphasis supplied)

It is obvious from the foregoing that the offense of theft and the offense of opening a coin-operated machine with intent to commit a theft are separate and distinct offenses. The district court did not err in overruling the defendant's motion to dismiss the theft charge as alleged in Count I of the information.

It is next contended the district court erred in overruling the defendant's motion to suppress physical evidence. The point is not well taken. The defendant specifically complains that the search of the green automobile was not made incidental to his arrest and that the state should have obtained a search warrant. *It is unnecessary to reiterate the facts.* Officer Wendlandt was lawfully in a position to observe the key on the floorboard of the green car defendant occupied as a passenger. The key was in plain view and the officer had ample probable cause to believe the vehicle contained the fruits, evidence and instrumentalities of the crime. The subsequent search and seizure at the police station was pursuant to a search warrant, the validity of which is not under attack. The district court did not err in overruling the defendant's motion to suppress the evidence.

The defendant lastly contends the district court erred in denying the defendant's motion for judgment of acquittal as to the theft charge made at the close of the state's evidence and that the verdict finding the defendant guilty of theft of more than $50 was not supported by the evidence. It is argued the state failed to show the defendant stole money belonging to the City of Salina and failed to show that the value of the property was over $50. It is further argued the evidence showed only that the parking meters were empty and that there was $64.50 in defendant's car. This is not the case.

Again, it is unnecessary to reiterate the evidence. The case against the defendant was by no means based on circumstantial evidence. Mrs. Roman and Mrs. Mallory testified they saw the defendant removing money from the city parking meters. There was no question that at least forty double meters had been entered and money stolen from them. The best evidence of how much was stolen was the $64.50 in nickels, dimes and quarters found with the white bag used by the defendant to empty the meters and found in the glove compartment of the car. As indicated, there

were two eyewitnesses to the theft in addition to the parking meter key found in defendant's car. The money found in defendant's possession minutes after the theft was all nickels, dimes and quarters. Moreover, a strong inference that the money was stolen arises from the fact that people ordinarily do not carry $64.50 in small coins, especially when no explanation as to when, how and why the money was acquired is given. The fact that the bag used by the defendant to gather the money from the parking meters was found in the bag containing the coins and empty money wrappers when viewed together with the other circumstances is ample evidence the money in the car was stolen from the parking meters. In addition, no evidence was presented by the defense showing the ownership or where the $64.50 in nickels, dimes and quarters came from.

The court has held in *State v. Coover*, 69 Kan. 382, 382, 76 Pac. 845, at syllabus 3:

"Where in a charge of grand larceny the greater part of the property stolen was money in coin of small denominations—nickels and dimes—it is not error to introduce in evidence money of the kind and denominations stolen, which is shown to have been in the possession of defendant soon after the crime was committed, though not identified as the specific money stolen, the same being offered with other circumstantial evidence tending to show defendant's guilt."

In addition, a case closely in point to the instant case is *Dotson v. Boles*, 271 F. Supp. 24 (1967). In that case, the proprietor of the store could not state how much money was in the vending machine. In affirming a conviction of grand larceny, it was said:

"There is no truth to the second factual allegation in this last claim. Since the proprietor had no direct access to the money in the machines, he would not know the actual amount by physical count. But he was certainly able to state correctly that the frequently used machines did have money in them, that it was not removed in the normal routine of business by the amusement company, and could testify as to the circumstances, as he knew them, surrounding the theft of the money. The enormous quantity of small change found in Dotson's car at the time of his arrest, together with the coin boxes belonging to the machines, provided ample evidence to warrant the jury in finding him guilty of *grand* larceny . . ." (pp. 26-27.)

It is concluded from the foregoing that the defendant has not made it affirmatively appear that he did not have a fair trial or reversible error was committed during his trial in the court below and the judgment of the district court is affirmed.