No. 48,661

STATE OF KANSAS, *Appellee,* v. OWEN CECIL MASON, *Appellant.*

(573 P.2d 578)

Opinion filed November 5, 1977.

*William D. Mize,* district public defender, was on the brief for the appellant.

*Wm. Rex Lorson,* Saline county attorney, and *Curt T. Schneider,* attorney general, were on the brief for the appellee.

*Per Curiam:* This is a direct appeal by defendant from a conviction by a jury of theft of property of the value of more than $50.00, in violation of K.S.A. 21-3701, and of possessing a key or other instrument suitable for use in opening a parking meter with intent to commit a theft, in violation of K.S.A. 21-3741.

This is a companion case to *State v. Edwards,* 221 Kan. 405, 559 P.2d 807, and reference to that opinion is made for an initial statement of the facts in this case.

The following additional facts are necessary to a determination of appellant's first point on appeal.

On July 14, 1975, appellant was arraigned in Saline County District Court and released on bond. The case was initially set for trial on August 21, 1975, but was continued to September 22, 1975, at the request of defense counsel. On September 5, 1975, appellant was taken into custody in Sedgwick County, Kansas, on other charges. Despite numerous attempts by the Saline County authorities, Sedgwick County authorities would not release the defendant for trial in Saline County until completion of the pending action in Sedgwick County. Appellant remained in custody in Sedgwick County until January 14, 1976, when he was turned over to Saline County authorities. Two days later he filed a motion for discharge alleging denial of a speedy trial. The motion was overruled. Trial was held on January 19, 1976, and this appeal followed.

Appellant's first point on appeal is that his motion for discharge because of failure to receive a speedy trial should have been sustained.

Section 10 of the Bill of Rights of the Kansas Constitution guarantees the accused a speedy trial and this right is defined by K.S.A. 22-3402.

The initial continuance from August 21, 1975 to September 22,

1975, was at the request of defendant's counsel and is chargeable to the appellant. The subsequent delay to January 14, 1976 was due to appellant's incarceration in the Sedgwick County jail on charges not related to the case in question and therefore is also chargeable to appellant. As the defendant was tried well within the time limits set forth in K.S.A. 22-3402, the delay in trial did not deprive appellant of his right to a speedy trial and the motion for discharge was properly overruled. (*State v. Lewis,* 220 Kan. 791, 556 P.2d 888 [1976] and cases cited therein.)

Appellant's second point on appeal is that the verdict of the jury finding appellant guilty of theft was not supported by the evidence in that the evidence failed to show appellant's control over property of a value of more than $50.00 belonging to the City of Salina. As the factual situation and evidence adduced at trial are the same as in *State v. Edwards,* supra, where this point was also raised, we do not deem it necessary to repeat what was said in that opinion.

The judgment of the trial court is affirmed.