No. 36,675

Oliver Nicolay, *Petitioner*, v. Virgil Kill, Sheriff of Brown County, *Respondent*.

(170 P. 2d 823)

Opinion filed July 6, 1946.

*Edward Rooney*, of Topeka, argued the cause, and *Jacob A. Dickinson*, of Topeka, was on the briefs for the petitioner.

*Robert M. Finley*, county attorney, argued the cause for the respondent.

The opinion of the court was delivered by

Wedell, J.: This is an original proceeding in habeas corpus.

The petitioner contends he is entitled to be released from confinement in the county jail of Brown county by reason of the failure of the state to bring him to trial within the time prescribed by G. S. 1935, 62-1431.

The pertinent averments of the verified petition for the writ are, in substance, as follows:

The petitioner was informed against in the district court of Brown county, October 23, 1945; he was charged with grand larceny in two counts, the alleged offenses being the theft of two cows; the petitioner did not make bail and has at all times remained imprisoned and in the custody of the respondent, the sheriff of Brown county;

the district court of Brown county has three terms of court annually, the same being the February, May and November terms; the case was not set for trial during the May, 1945, term in which the information was filed; the case was set for trial during the next, or November term, the date set for the trial being December 4, 1945; it was not tried at that term; the county attorney's letter addressed to one of the attorneys for petitioner residing in Topeka, dated November 16, 1945, reads:

"The Court, on its own motion, continued the case of State of Kansas versus Oliver Nicolay until the February term."

Petitioner's counsel at Topeka received a similar letter from his local co-counsel at Hiawatha dated November 26, 1945, which reads:

"In case you have not been so advised, I want to tell you that your cattle theft case has been continued to the February 1946 term of our court. As you know it was set for December 4th, 1945, but the judge decided to release the jury so he continued these cases."

The petition further, in substance, alleges: The case was not set for trial in the next, or February, 1946, term; on February 12 the state filed an application for a continuance to the May, 1946, term on the ground it was impossible to have a material witness present "at this time."

The state's application further recited:

"That your said affiant herein has exercised due diligence in attempting to have the said R. A. Levering present for the trial of the above entitled cause and that *on the 5th day of February, 1946,* a praecipe for subpoena was filed in the office of the Clerk of the District Court of Brown County, Kansas, and a subpoena was issued and directed to the Sheriff of Shawnee County, Kansas, notifying the said R. A. Levering to be present on the 11th day of February, 1946, at 9:00 A. M. of said day to testify as a witness on behalf of the plaintiff, State of Kansas; that the return of the Sheriff of Shawnee County, Kansas, on the summons issued for the said R. A. Levering bears the endorsement to the effect that Mr. R. A. Levering is visiting in California and will not return *for about ten days."* (Our emphasis.)

Exhibits attached to the petition disclose: The petitioner was not arraigned during the May nor November, 1945, terms; he was first arraigned on February 4, the opening day of the February, 1946, term; no objection was made to the state's application for a continuance from the February to the May, 1946, term.

To this petition respondent, the sheriff of Brown county, has filed a motion to dismiss the petition for the writ. The motion, in substance, alleges: The petition involves the same subject matter and

parties as a former action filed by the petitioner for a writ in the district court of Brown county; the petitioner was denied his release on May 11, 1946; no appeal has been taken from the judgment and for that reason the petition in this court should be dismissed.

The theory of respondent's motion is the judgment of the district court is *res judicata*. This court, in harmony with well-established doctrine, has held otherwise. In the recent case of *Crebs v. Hudspeth*, 160 Kan. 650, 164 P. 2d 338, we said:

"At this point we pause to consider respondent's contention that all questions determined in the two decisions from which we have just quoted are *res judicata* and no longer available as grounds for habeas corpus in the case at bar. We do not believe the rule permits the sustaining of that contention in the broad form in which respondent seeks its application. As we understand it the doctrine of *res judicata* does not apply in case of refusal to discharge a prisoner on habeas corpus. However, prior adjudications, where a subsequent application is based on the same facts relied on in former proceedings, may be taken into consideration to prevent abuse of the writ and given controlling effect if in the exercise of its discretion such conclusion appears to the court, to which the subsequent application is presented, to be justified after consideration of all facts and circumstances having a material bearing upon the subject. (39 C. J. S. 698 § 105; 25 Am. Jur. 250 § 156; *Wong Doo v. United States*, 265 U. S. 239, 68 L. Ed. 999; *Salinger v. Loisel*, 265 U. S. 224, 68 L. Ed. 989; *Slaughter v. Wright*, 135 F. 2d 613)." (p. 656.)

See, also, *In re Clark*, 208 Mo. 121, 106 S. W. 990.

The petitioner in the instant case has been in confinement without trial since October, 1945. The proceeding in this court was instituted May 13, 1946. Since respondent filed his motion to dismiss the petition for the writ in this court the petitioner has also perfected an appeal from the judgment of the district court. The procedure on appeal may entail considerable delay. Proceedings in habeas corpus are designed to insure prompt action for a citizen who believes he is unlawfully deprived of his liberty. For that reason, among others, our constitution grants original jurisdiction in habeas corpus proceedings to the Supreme Court. (Const., art. 3.) The judgment of the district court is not *res judicata* and petitioner is not precluded from instituting this proceeding.

In harmony with the foregoing the motion of respondent was denied. Respondent was, however, given time to file an answer setting forth any and all facts which he believed constituted a defense or defenses to the petition for the writ. He has not availed

himself of the privilege. Petitioner has a motion on file for judgment on the pleadings. There being no answer on file and hence no issues of fact joined we shall examine the verified petition to ascertain whether it alleges facts requiring the discharge of the prisoner. G. S. 1935, 62-1431, provides:

"If any person under indictment or information for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found or information filed, he shall be entitled to be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term."

G. S. 1935, 62-1432, similarly provides for the discharge of an accused *on bail* where he is not brought to trial *before the end of the third term of court* in which the cause is pending. Construing that statute it has been held that in computing the number of terms which have expired before trial, the term during which the information was filed should not be counted. (*State v. Patterson,* 126 Kan. 770, 271 Pac. 390.) But see, also, *In re Garner,* 134 Kan. 410, 5 P. 2d 821, construing the provisions of G. S. 1935, 62-1301. In any event under the allegations of the instant petition for the writ we think the petitioner is entitled to his discharge even though the May, 1945, term in which the information was filed is not counted. The petition discloses a continuance was granted from the next or November, 1945, term to the February, 1946, term on the motion of the court. A continuance from the February, 1946, term to the May, 1946, term was granted on the application of the state. That application was granted on February 12, 1946. The state's application fails to disclose its witness could not be obtained for the purpose of trial sometime during the February, 1946, term or that, consistent with an orderly assignment of causes and diligent dispatch of court business, the case could not be tried during that term. It merely stated the witness could not be obtained "at this time" and that he "will not return for about ten days." Such allegations alone did not warrant a continuance over the entire February, 1946, term for *"want of time* to try the cause at such second term." (Our emphasis.) (*State v. Dewey,* 73 Kan. 735 [opinion on rehearing p. 739] 88 Pac. 881; *State v. Hecht,* 90 Kan. 802, 136 Pac. 251.)

The petition for the writ discloses petitioner made no application for a continuance. The petition, to which copies of the motion and

trial docket are attached, fails to disclose the prisoner consented to the state's application for a continuance over the February, 1946, term. It merely discloses he did not object to the state's application. Mere failure to object to that application is not equivalent to an application for continuance by the prisoner nor is it equivalent to a consent to the state's application. (*State v. Dewey,* supra, p. 739.) The word "application" as used in the statute signifies a means to the accomplishment of an end. It denotes affirmative action, not passive submission. (*State v. Lewis,* 85 Kan. 586, 118 Pac. 59.) The weight of authority is that the statute is imperative and should receive a liberal construction in favor of liberty, having in mind its purpose is not to shield the guilty but to protect the innocent. (*State v. Dewey,* supra, p. 743.)

Respondent argues even if two terms have passed the state is entitled to try the prisoner during the May, 1946, term under the provisions of G. S. 1935, 62-1433, which reads:

"If, when application is made for the discharge of a defendant under either of the last two sections, the court shall be satisfied that there is material evidence on the part of the state which cannot then be had, that reasonable exertions have been made to procure the same, and that there is just ground to believe that such evidence can be had at the succeeding term, the cause may be continued to the next term, and the prisoner remanded or admitted to bail, as the case may require."

As previously indicated the state's application in February, 1946, for a continuance to the May, 1946, term fails to disclose the case could not be tried sometime during the February, 1946, term. Moreover, that application for continuance made no showing of just ground for believing the desired evidence could be had at the May, 1946, term.

Respondent also contends petitioner's proper remedy in the case filed in the district court of Brown county was an application in the criminal case to discharge the prisoner and not a proceeding in habeas corpus. We are not now reviewing alleged errors in that case. It is not ready for review and we need not pursue the contention. We are presently concerned only with the original proceeding in this court and with such facts as have been properly presented therein. Upon those facts the petitioner is entitled to prevail.

The writ is allowed with directions to respondent to release the prisoner.