No. 37,133

THE STATE OF KANSAS, *Appellant,* v. ED COOVER, *Appellee.*

(193 P. 2d 209)

Opinion filed May 8, 1948.

*Roy W. Cliborn,* special prosecutor, argued the cause, and *Edward F. Arn,* attorney general, was with him on the brief for the appellant.

*Lee Hornbaker,* of Junction City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

BURCH, J.: This appeal involves construction and application of our statute, G. S. 1935, 62-1431, which reads:

"If any person under indictment or information for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found or information filed, he shall be entitled to be discharged so far as relates to the offense for which he was committed, *unless the delay* shall happen on the application of the prisoner, or shall be occasioned by *the want of time* to try the cause *at such second term."* (Emphasis supplied.)

Counsel appointed for the appellee by the district court filed a motion for his discharge, which was sustained because the evidence

disclosed that the appellee, without any application by him for delay and without his consent, had been imprisoned during two terms without having been brought to trial. The county commissioners had engaged a special prosecutor in the case because of the disqualification of the county attorney. Such counsel for the state reserved the question presented; the state has appealed and asserts that the trial court erred in sustaining the appellee's motion for discharge.

The question presented develops from some rather unusual and perhaps interesting facts. The appellee was arrested and placed in jail on April 5, 1944. Five weeks later a complaint was filed and a warrant was issued for his arrest on May 10, 1944. He was given a preliminary hearing on June 14 and was bound over to the district court for trial, and on the same date an information was filed in the district court which charged the appellee with having forged a check in the amount of $19.85. The appellee did not give bond and, consequently, remained in jail for a while. No commitment whatever of the appellee to the county jail was issued by the judge of the county court who bound him over. More than three years after his arrest a commitment was issued on June 9, 1947, by the district court. The failure to issue earlier any commitment, however, is only incidental to the appeal but will be commented upon later. The case finally was called for trial in the district court on November 18, 1947, at which time the appellee's motion for discharge was sustained. During the three years and seven months after his arrest, the appellee had been walking in and out of jail. Evidently he was an untrustworthy trusty and had a habit of taking long walks on holidays. The record discloses that he first walked away from jail on the Fourth of July, 1944. As a consequence, he was not in custody during the November, 1944, term or during any of the 1945 terms of the court. On March 9, 1946, he was picked up by an agent of the Kansas Bureau of Investigation at Herington, and on such date returned to jail, where he remained until Labor Day, September 2, 1946, at which time the appellee again wandered away, with the result that he was not apprehended until May 15, 1947, at Abilene, Kan., and was then returned to jail at Junction City. After his last return the state attempted to prosecute him for jail-breaking but in connection therewith it was discovered that the appellee had not been lawfully committed to legal custody at the times he had voluntarily

stopped accepting any benefactions from his bastile and, consequently, such prosecution proceedings were dismissed by the state. (Those interested in such feature of the case should read *State v. Lewis*, 19 Kan. 260, and particularly Ironquill's report in rhyme on the case published at page 266.) The record also discloses that notwithstanding the prisoner's pedestrian proclivity, he resided in the county jail continuously during the March, 1946, term, which began March 4, from March 9 until such term ended on June 3. In other words, during such term he was in jail for a period of two months, three weeks and four days. He also saw fit to remain confined during all of the June, 1946, term, but a controversy develops in the record as to whether the case against him was continued during such term at his request or otherwise until the November, 1946, term. A journal entry, which was not filed until nearly a year and a half after the June, 1946, term began, recites that the case was continued at the appellee's request from the June, 1946, term until the following November term. Since the trial court did not make a finding to the contrary, we must accept the record as recited in the journal entry. When the November, 1946, term began, the appellee was away on his second walking expedition, and as before stated, he was not returned to jail until May 15, 1947, and for such reason he was not tried during either the November, 1946, term or the March, 1947, term of the court. The appellee remained in custody or confinement during all of the June, 1947, term and at such term the case against him was continued, upon the request of the state, until the November, 1947, term because of the disqualification of the county attorney who, at one time, had been appointed by the court to represent the appellee. From the foregoing it appears, without any contradiction, that the appellee was an inmate of and was in regular attendance at the county jail during two months, three weeks and four days of the March, 1946, term of the court and during all of the June, 1947, term and that the case against him was not continued during either of such terms at his request. The general question presented is whether the recited circumstances entitled the appellee to be discharged by reason of the application of the statute. The more specific question presented is whether the appellee's absence during the first five days of the March, 1946, term resulted in his having voluntarily waived his right to be tried during such term by reason of his conduct.

Some confusion develops in the record as to whether a jury had been called at the beginning of the March, 1946, term and had been discharged before the appellee was returned to jail on March 9, but the trial court's conclusion in respect thereto reads as follows:

". . . whether the jury was discharged or whether it was not I don't believe we could say that this court has been so busy that we couldn't have found a time between the 9th of March and the first Monday of June that we couldn't have worked this case in even if we had had to call a special jury, so in my judgment we would have to count the March term against the State, March, 1946, against the State."

Many of the legal questions presented in this case were considered in and determined by the case of *State v. Dewey,* 73 Kan. 735, 85 Pac. 796, and on rehearing, 73 Kan. 739, 88 Pac. 881. In the cited case a statute similar in all respects to the statute here involved, except that it related to persons on bail being prosecuted within three terms (G. S. 1935, 62-1432) as distinguished from persons committed to prison being prosecuted within two terms, was considered in connection with the constitutional guaranty of a speedy trial provided by section 10 of the Bill of Rights of the constitution of Kansas, which reads:

"In all prosecutions, the accused shall be allowed . . . to have . . . a speedy public trial by an impartial jury . . ."

It was held in the cited case that a continuance to which the accused makes no objection should not be regarded as happening upon the application of the accused merely because he failed to object. It was also determined in the case, by unquestionable analogy, that the language in the statute reading "by the want of time to try such cause at such second term" has reference only to the condition of affairs that exist at such second term. Since the decision in the case it has been settled law that the "want of time" to try a cause at the first term during which an accused is committed to prison does not excuse the state from prosecuting the accused during such first term. Moreover, it was specifically held in the case that "The failure to provide for the attendance of a jury to try causes must, beyond question, be regarded as one of the very things the constitutional guaranty of a speedy trial was designed to meet." (p. 742.) As a consequence, in the present case any delay which might have occurred in the prosecution of the accused at the March, 1946, term without the application or actual consent of the prisoner, cannot be justified by "want of time to try such cause" at the

March, 1946, term because the provision in the statute "want of time" applies only to the second term. And it should be noted again that from a factual standpoint, the state had two months, three weeks and four days during such term in which to try the accused.

The state contends that the accused's absence during the first five days of the March, 1946, term absolved it of all responsibility to try him at such term. Our statute (G. S. 1935, 62-1301) provides that accused persons "shall be tried at the first term at which the defendant appears, unless the same be continued for cause." Of course, the appellee in the present case was not in custody during all of the first term in which the information was filed against him because of his escape, but we are not concerned in this case with the question whether the small time he was in jail during the first term should be considered. The appellee does not contend it should. He was in jail during the greater part of the March, 1946, term and, therefore, we think that in keeping with the spirit of the statute last cited, the accused could and should have been tried during the March, 1946, term unless some cause for continuance was shown.

The state contends, in substance, that the fact the appellee was not present during the first five days of the March, 1946, term constitutes, in legal contemplation, "an application on his part for a delay of his trial during such term." If the reasoning be sound, it can only follow that the appellee made application for continuance from March 4 to March 9, 1946. His absence from custody during a small part of the March, 1946 term would not "necessarily and directly" cause a delay in prosecution during the entire term. (See *State v. Lewis*, 85 Kan. 586, 589, 118 Pac. 59, as to the essentials of conduct creating an application for delay, and see, also *Nicolay v. Kill*, 161 Kan. 667, 170 P. 2d 823.)

Another argument advanced by the state is that the appellee, by applying for a continuance at the June, 1946 term, started a new period of limitation. Such argument fails upon analysis of the similar facts in *State v. Dewey*, supra. The state also contends that the June, 1947, term should not be counted because the then county attorney could not ethically prosecute the appellee as a consequence of such attorney having previously been appointed to represent the accused at one time. There is no showing that the circumstances resulted in the state having "a want of time" to try the case at such (second) term. The trial court found, "We can't say that

there was not time nor opportunity to try the case at the June term." If the disqualification of the county attorney had been brought to the attention of the court in time, the court had authority to appoint an attorney to act as the county attorney (G. S. 1935, 19-711). There is no merit whatever to a suggestion by the state that since the state neglected to commit the appellee to jail, the statute does not apply. If the imprisonment were unlawful, the state cannot take advantage of it. (See *In re Trull*, 133 Kan. 165, 298 Pac. 775, and *State v. Dewey*, supra.)

Counsel appointed for the respective parties in this case have been diligent in citing and analyzing not only our own decisions but many cases from other states. We have considered the additional cases cited in the briefs but are unable to conclude that they control the present case. The special prosecutor for the state is in no way responsible for the failure to prosecute the accused properly. This is not a case involving the effect of a failure to prosecute during the first term in which an information was filed. The record clearly discloses that two terms subsequent to the first term expired during which the appellee could have been prosecuted if the then acting representatives of the state had been diligent. The absence of the appellee during the first five days in March, 1946, did not excuse the state from prosecuting him during the remainder of such term for the offense for which he was later committed. We can find no logical reason for holding that such absence constituted an application by the appellee for a continuance during the entire term. The statute involved should always be given a liberal construction which will effect its purpose to protect the, innocent by assuring them speedy trials in compliance with the mandate of the bill of rights. (See *Nicolay v. Kill*, supra.)

The judgment of the district court is affirmed.