No. 40,131

STATE OF KANSAS, *Appellee*, v. EARL STANLEY, *Appellant*.

(296 P. 2d 1088)

Opinion filed May 5, 1956.

*Earl Stanley*, pro se.

*Wm. K. Ong*, county attorney, and *Roy S. Bennett, Jr.*, assistant county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: Defendant was tried, convicted and sentenced on two counts of robbery in the first degree; one count of breaking jail; one count of assault with felonious intent; and one count of grand larceny of an automobile. His appeal is limited to error in the overruling of his motion for an order of discharge.

The facts to sustain the conviction and the ruling complained of are not in dispute. For that reason we need only relate those necessary to present contentions raised on appellate review.

An information, charging the defendant with commission of the above mentioned crimes, was filed in the Oswego division of the district court of Labette County, thus fixing jurisdiction of the offense at Oswego, sometime between the opening and closing days of the April 1954 term of that division of such court. A few days later the court appointed an attorney for the defendant who subse-

quently obtained a court order authorizing the Department of the Army to release defendant's medical record for use in an anticipated sanity hearing. Eventually this record was procured and filed with the clerk of the court.

On October 5, 1954, the opening day of the first term of court following the filing of the information, defendant was brought into court for arraignment but was not arraigned because of an application made by him, through his attorney, for the appointment of a medical commission to conduct a hearing respecting whether his mental condition was such he would be unable to comprehend his position and make a defense in the case. After granting defendant's request for the appointment of a commission and ascertaining there were no cases ready for trial at the October 1954 term the court ordered the sheriff not to summon jurors for such term of court.

On February 1, 1955, the opening day of the second term of court following the filing of the information, and after the medical commission had returned its findings to the effect the defendant was sane, able to comprehend his position and prepare his defense in the case, defendant was brought before the court for formal arraignment accompanied by an attorney of his own choosing who, we pause here to note, continued to represent him throughout all subsequent proceedings in the district court. Thereupon defendant was formally arraigned and entered pleas of not guilty to the charges filed against him. Thereafter, and on the same day, the state moved that the case be continued to the April 1955 term of court. This request was granted over defendant's objection.

On April 12, 1955, the opening day of the next regular term following the February 1955 term of court, the defendant's case came on for trial assignment. Later, having been set down for trial on a date certain it was tried by a jury which returned verdicts of guilty on each of the crimes mentioned in the first paragraph of this opinion. Thereafter defendant, who is conceded to have been in jail throughout all proceedings in question, filed a motion in arrest of judgment; a motion for a new trial; and made an oral motion, the one here involved, for discharge on grounds he had been denied the prompt and speedy trial guaranteed by law. Following the overruling of these motions sentence was imposed and a judgment was rendered which resulted in defendant's incarceration in the state penitentiary. There he personally perfected the appeal which, as we have heretofore noted, brought his case to this court

for a decision on the question whether the trial court committed error in overruling his motion for discharge.

Upon careful analysis of the incomplete and incomprehensive *pro se* combined abstract and brief submitted by the appellant it appears that his primary contention respecting error in the court below is based upon the proposition that, in the face of the heretofore related uncontroverted facts, the trial court was required to sustain his motion for discharge under the provisions of G. S. 1949, 62-1431, which read:

"If any person under indictment or information for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found or information filed, he shall be entitled to be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term."

With regard to his position on the point now under consideration appellant directs our attention to the fact, which must be conceded, that he was not brought to trial until the third term of court, following the April, 1954, term during which the information on which he was tried and convicted was filed with the clerk of the district court. Based on such fact he argues that not only the April, 1954, term of court but the October, 1954, term of court, as well, must be taken into account in determining whether he was "brought to trial before the end of the second term of the court having jurisdiction of the offense" within the meaning of that term as used in the foregoing statute. Let us see.

In construing a like statute (G. S. 1949, 62-1432), so similar in language, meaning and purpose to the statute now under consideration (62-1431, *supra*) that there can be no room for differentiation in statutory construction between the two, this court has long been committed to the rules (1) that in computing the number of terms that have expired before trial the term during which the information was filed should not be counted as one of the terms of the court *after the information was filed* (See, e. g., *State v. Patterson*, 126 Kan. 770, 271 Pac. 390; *State v. Fry*, 131 Kan. 277, 280, 281, 291 Pac. 782; *Nicolay v. Kill*, 161 Kan. 667, 670, 170 P. 2d 823); and (2) that a defendant is not entitled to be discharged because he was not brought to trial before the end of the third term (under the statute involved in this case the second term) of court in which the cause was pending if some application on his part necessarily and

directly caused the delay. Otherwise stated, that in computing the number of terms and/or terms which have expired before the trial the terms during which the delays in the trial of a criminal case are necessarily and directly caused by action on the part of a defendant are not to be counted in determining whether either 62-1431 or 62-1432 have application. See, e. g., *State v. Barger*, 148 Kan. 590, 83 P. 2d 648, where it is held:

"Under our statute G. S. 1935, 62-1432, a defendant is not entitled to be discharged because he was not brought to trial before the end of the third term of the court in which the cause was pending, if the delay happened on the application of the defendant or was occasioned by want of time to try the cause." (Syl. ¶ 3.)

And in the opinion said:

"In *State v. Lewis*, 85 Kan. 586, 118 Pac. 59, this court, in construing G. S. 1935, 62-1432, stated:

" 'It is not essential, under this statute, that the application should be one specifically for delay. It is sufficient if some application on the part of the defendant necessarily and directly cause the delay to happen. The word "application" is not to be restricted to its literal, etymological meaning. In the case of *The State v. Dewey*, 73 Kan. 739, 741, 88 Pac. 881, it was said that it signifies means to accomplish an end and denotes affirmative action, not passive submission. In this case the defendant's objection was an affirmative act interposed as a means to prevent a trial before the judge *pro tem*. A postponement of the trial was inevitable, and consequently happened on the defendant's application.' " (p. 594.)

When the facts of record are surveyed in their entirety it cannot be denied that the information in this case was filed during the April 1954 term of court and we have little difficulty in concluding that appellant's action, in asking for the appointment of a commission to determine his sanity, was the necessary and direct cause of the trial court's action in excusing the jury from service during the next and ensuing term, i. e., the October 1954 term. Moreover, when the April and October 1954 terms of court are excluded in computing the number of terms expiring before appellant was given a trial, it is certain, that under our decisions construing the force and effect to be given the involved and similar statutes, he was brought to trial before the end of the second of the two following computable terms of court. Therefore, in the light of the facts and in the face of such decisions, we are constrained to conclude that appellant's position the trial court erred in refusing to sustain his motion for discharge on the ground that action was required by the provisions of 62-1431, *supra*, lacks merit and cannot be upheld.

Finally appellant contends his motion for discharge should have been sustained because he was denied the right to a speedy trial in violation of section 10 of the bill of rights of our state constitution providing that "In all prosecutions, the accused shall be allowed . . . a speedy public trial . . ." The answer to this contention is to be found in the only decision cited by appellant in his brief. See *In re Trull*, 133 Kan. 165, 298 Pac. 775, where it is said:

"It is generally held that the statutes supplement the constitution and are to be regarded as rendering the constitutional guaranty effective and constitute a legislative definition of what is, under the circumstances named, a reasonable and proper delay in bringing an accused to trial." (p. 167.)

The judgment is affirmed.

FATZER, J., not participating.