No. 41,813

THE STATE OF KANSAS, *Appellee,* v. EDWARD L. WILLIAMS,
*Appellant.*

(360 P. 2d 11)

Opinion filed March 4, 1961.

*W. C. Jones,* of Olathe, argued the cause, and *Howard T. Payne* and *Howard E. Payne,* both of Olathe, and *Robert P. Anderson* and *Lyndus A. Henry,* both of Overland Park, were with him on the briefs for the appellant.

*Hugh H. Kreamer,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: The defendant, Edward L. Williams, was charged by information, filed in the district court of Johnson County, in Count 1 with the crime of embezzlement (G. S. 1949, 21-545) and in Count 2 with the crime of grand larceny (G. S. 1949, 21-533), all in connection with his activities in such county while serving as President and Active Manager of the Silver Spur Country Club, Inc. Following divers preliminary proceedings and at the close of a spirited trial the jury found defendant guilty of embezzlement and acquitted him of grand larceny. Later, his motion for a new trial having been denied and sentence imposed against him for the commission of the crime of embezzlement, he perfected the instant appeal, under numerous specifications of error, wherein, among other things, he is entitled to a review of the trial court's action in overruling his motion for discharge based on the premise he had been denied a speedy trial as guaranteed by Section 10 of the Bill of Rights of the Constitution of the State of Kansas and had not been brought to trial within three terms as required by the provisions of G. S. 1949, 62-1432.

Since, after a careful and extended review of a lengthy record, this court has determined the ruling on the motion to discharge is the all decisive question involved on appellate review it is neither necessary nor required that we burden our reports with the factual details of the evidence adduced during the course of the extended trial. Therefore we turn directly to matters material to the disposition of the decisive question to which we have just referred.

In order to proceed to the precise problem presented by the defendant's motion to discharge it is necessary to review briefly the general principles involved. Section 10 of the Bill of Rights of the Constitution of Kansas provides that in all prosecutions the accused shall be allowed a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. What constitutes a speedy trial is said to be legislatively defined by G. S. 1949, 62-1431 and 62-1432. (See *In re Trull,* 133 Kan. 165, 167, 298 Pac. 775; *State v. Hess,* 180 Kan. 472, 474, 475, 304 P. 2d 474; *State v. Goetz,* 187 Kan. 117, 353 P. 2d 816.) In its decisions (See, e. g., *State v. Stanley,* 179 Kan. 613, 615, 296 P. 2d 1088, and *State v. Hess,* supra.) this court has recognized that the language, meaning and purpose of the cited sections of the statute are so similar there can be no room for differentiating between them in statutory construction.

The particular statute applicable in this case is G. S. 1949, 62-1432. It provides:

"If any person under indictment or information for any offense, and held to answer on bail, *shall not be brought to trial before the end of the third term* of the court in which the cause is pending which shall be held after such indictment found or information filed, he shall be entitled to be discharged so far as relates to such offense, *unless the delay happen on his application or be occasioned by the want of time to try such cause at such third term.*" (Emphasis supplied.)

Many of the problems involved in construing the foregoing statute have been resolved. In *State v. Stanley,* supra, with direct reference to 62-1431 and 62-1432, we held that in computing the number of terms of court expiring before the trial of a criminal case (1) the term during which the information was filed and (2) the term and/or terms during which the delays in the trial of such a case are necessarily and directly caused by action on the part of the defendant are not to be counted in determining whether such two sections have application.

On the other hand it is clear from the opinion in the Stanley case that terms of court during which the delays in the trial of a criminal

case are not necessarily and directly caused by action on the part of the defendant are not to be charged against him in determining whether the foregoing sections of the statute have application under the particular facts involved. Indeed, that has always been the law of this state as recognized, applied and adhered to under all our important decisions dealing with the force and effect to be given the provisions of 62-1431 and 62-1432, when construed in connection with the rights guaranteed defendants in criminal cases under the provisions of Section 10 of the Bill of Rights of our Constitution. For a few of the more important decisions, to which we have referred, setting forth and describing the conditions and circumstances under which the parties in a criminal action, particularly the state, are chargeable with delays resulting in the expiration of terms of court when it is claimed the defendant has not been brought to trial before the end of the third term of court in which the cause is pending see *State v. Hess*, supra, 472, 473 to 478, incl.; *Nicolay v. Kill*, 161 Kan. 667, 170 P. 2d 823; *State v. Coover*, 165 Kan. 179, 193 P. 2d 209; *In re Trull*, supra; *State v. Dewey*, 73 Kan. 739, 88 Pac. 881, on rehearing; *In re McMicken, Petitioner*, 39 Kan. 406, 18 Pac. 473.

Our problem, therefore, is to determine whether or not three terms of court expired in which this defendant could have been tried for the offenses allegedly committed. In other words, did three terms expire between the end of the term in which the information was filed and the term in which the trial was held during which delays in the trial were not necessarily and directly caused by affirmative action on the part of the defendant? In this connection, it is to be noted, this court is committed to the view that a defendant cannot be charged with a particular term of court if it is possible to call a jury and bring him to trial at that term. This, it may be stated, is true even though a motion or other plea has been overruled earlier in the term. (*State v. Dewey*, on rehearing, *supra*, 742; *State v. Coover*, supra, 182, 183; *Nicolay v. Kill*, supra, 670.)

Before turning to the particular factual situation, we note that G. S. 1949, 20-1010, provides that the terms of the district court of the tenth judicial district of Johnson County shall commence on the first Monday in January and May, and the first Tuesday of September. In other words, there are three terms of court in Johnson County each year; the January term, the May term and the September term. We note, also, Supreme Court Rule No. 43 (G. S. 1949,

60-3827) provides that in judicial districts, or divisions, the judges shall designate at least one day in each calendar month, except July and August, in each county, and division, and place where court is held, for the purpose of hearing motions and the transaction of any other court business wherein a jury is not required; and that according to the Kansas Judicial Council Bulletins for December 1957 and 1958, the motion days so designated for divisions of the district court of Johnson County for 1958 and 1959, are the first Monday of each month, except July and August, and the first Tuesday of September. We note further that on March 17, 1958, there were three, and since September 1, 1959, four, divisions of the district court of Johnson County available to prosecuting officials for the purpose of affording defendants in criminal actions the speedy public trial contemplated by Section 10 of our Bill of Rights and the provisions of 62-1431 and 62-1432, *supra*. Further we note Supreme Court Rule No. 45 allows the parties to have an earlier hearing of a motion upon notice given as provided in the code of civil procedure. (G. S. 1949, 60-720 to 60-725, incl., G. S. 1949, 60-2932.) This relief, we may add, was available to the state at all times during the six terms of court in which this case was pending.

The information in this case was filed March 17, 1958, which was during the January, 1958, term of court. On April 22 defendant filed a motion to quash the information and a plea in abatement. On the same date the state filed an amended information which was during the January, 1958, term. Applying the rule of *State v. Stanley*, supra, the January, 1958, term of court cannot be counted as one of the three terms during which the defendant must be brought to trial.

The first term after the amended information was filed was the May, 1958, term of court which commenced May 5. On that day the defendant was given leave to refile and did refile his plea in abatement. Because a plea in abatement is directed at occurences not set out in the information, other pleadings were required. Consequently, a demurrer was filed on May 6 against the plea in abatement. This demurrer was overruled May 16. Thereafter, and on May 19, the state filed an answer to the plea in abatement to which the defendant replied on May 29. This was five days prior to the June 2, 1958, motion day. Notwithstanding the status of the plea in abatement no action was taken on such plea on June 2. In fact no

action of any kind was taken in the case until September 2, the regularly scheduled September motion day, which was the beginning of the September, 1958, term. Should the May, 1958, term have been charged to the defendant? In other words, was the three months delay between June 2 to September 2 necessarily and directly caused by action on the part of the defendant?

Without going into the questions raised by the plea in abatement, we are inclined to the view the issues raised with respect thereto should have been heard and disposed of during the May, 1958, term and accordingly hold the delay during that term was not necessarily and directly caused by the defendant but was chargeable to inaction on the part of the prosecuting officials. After all, ninety-six days elapsed without any action in the case. The fact that there were no additional regularly scheduled motion days during the May, 1958, term, at which time the matter could have been heard, cannot be used as an excuse for delaying a hearing on the plea in abatement to the September, 1958, term. It is the duty of the State to provide a speedy trial (*State v. Dewey*, on rehearing, *supra*, 743; *State v. Coover*, supra, 184; *State v. Hess*, supra, 478) and there are provisions in our rules which, if followed, would enable the prosecuting authorities to accomplish that end expeditiously and without undue delay.

At the next term of court (the second term after the filing of the amended information) which commenced on September 2, 1958, the court considered the plea in abatement. On September 2 it set such motion for hearing on September 8. The record does not indicate that the plea was considered on that date but does show that a motion for a jury trial on such plea was argued on September 10. The court did not rule on the motion for trial by jury on the plea on that date but took the motion under advisement. On October 3 such motion was overruled. Thereafter, and on November 10 the court heard arguments on the plea in abatement and at that time the defendant's attorney stated that defendant would stand on the plea without any further evidence to the court. Thereupon the court took the plea under advisement. On December 1, 1958, such plea was denied.

While the plea in abatement might have been more expeditiously disposed of, it appears from the record that the delay of the trial of defendant during the September, 1958, term was at the instance of the defendant and should be charged to him.

It is true that the defendant filed a motion to quash the amended information on December 26, 1958. A careful examination of the record reveals that this motion to quash could have been disposed of early in the subsequent January, 1959, term. However, the same source discloses that on the opening day of such term the judge of the division to which the case had been assigned disqualified himself and ordered the case reassigned. The record indicates that it took from January 5, 1959, to April 9, 1959, to be exact ninety-three days, to get the case reassigned and the motion presented to another judge. It also discloses such motion was not disposed of until April 29, 1959, when it was overruled. Remembering that it is the duty of the State to provide a speedy trial and considering the record presented, this court cannot say that the delay of the trial during the January, 1959, term of court (the third term after the filing of the amended information) was at the application of the defendant. In *State v. Dewey*, on rehearing, *supra*, we said:

". . . If an exception can be written into the statute so that a delay caused by the neglect of official duty is to be considered as a good excuse for failure to bring the accused to trial, the constitutional right could be frittered away indefinitely." (p. 742.)

It appears that with diligence on the part of the state the motion to quash should have been heard in January, 1959. Under these circumstances, the delay until April 29, 1959, was not attributable to any affirmative action on the part of the defendant and the responsibility for failure to bring him to trial during the January, 1959, term must be charged to the state.

On May 1, 1959, which was just prior to the close of the January, 1959, term, defendant filed a motion to discharge on grounds he had been denied the speedy trial guaranteed by Section 10 of the Bill of Rights of the Constitution of the State of Kansas and had not been brought to trial within three terms, as required by G. S. 1949, 62-1432.

On May 4, the first day of the May, 1959, term (that being the fourth term after the term at which the amended information was filed), the court heard such motion and took it under advisement. So far as the record discloses the next move in the case came when the State on May 9 filed an application for rehearing upon the defendant's motion to discharge. This application was heard on June 2. All the record discloses of what happened at this hearing is that the State was given leave to introduce some exhibits and thereafter

the defendant given leave to refile his motion to discharge. On June 15 the case was called and the defendant's refiled motion to discharge was overruled. According to the record no attempt was made thereafter by the prosecuting officials to bring the case to trial, notwithstanding the expiration of seventy-seven days from June 16 to August 31, incl., during the May, 1959, term which, according to our statute ( G. S. 1949, 20-1010), ended on August 31, 1959.

In the face of the foregoing facts, mindful of rules that the defendant need not take any affirmative action to bring his case to trial, that the whole responsibility of seeing to it that an accused is given a speedy trial rests upon the prosecution, not the accused, and that the right guaranteed by Section 10 of our Bill of Rights is not the grant of a mere privilege, but a right of which he cannot be deprived by the laches of public officers ( *In re Trull,* supra, 165, 168, 169; *State v. Hess,* supra, 474, 478; *State v. Coover,* supra, 179, 182; *State v. Goetz,* supra, 119), we see no reason why the defendant in this case could not have been given a trial by jury, following the overruling of the foregoing motion to discharge, during the May, 1959, term of the district court of Johnson County. Of a certainty, we know of and are cited to no decisions holding that a motion to discharge is a dilatory plea nor, when viewed in the light of the facts presented by this record, do we know of any cases supporting the State's contention that defendant's motion to discharge prevented him from having a jury trial during such term of court. Under such circumstances we have no difficulty in concluding that, within the clear meaning and intent of the provisions of 62-1432, *supra,* as well as our decisions, failure to bring defendant to trial at this term of court was due to delay and inaction on the part of the State and that in determining whether defendant was brought to trial within the three terms of court required by the provisions of such statute the May, 1959, term of court must be charged against the State.

The September, 1959, term of court (being the sixth term following the commencement of this criminal action and the fifth term after the filing of the amended information) commenced on September 1, 1959. The record presented fails to disclose whether any action was taken in the case on that date. However, it does reveal that on September 8 the defendant filed a second motion to discharge which, for all purposes here pertinent, may be said to have been based on grounds similar to the motion to discharge filed on the

last day of the January, 1959, term, which was overruled on June 15, 1959. The record further discloses that the day the second motion to discharge was filed the court called the case, heard the motion, overruled it, and then set the case for trial on September 21, 1959. What happened thereafter has been previously related and need not be repeated.

What has been said and held up to this point fully demonstrates that, in our opinion, three terms of the district court of Johnson County, *i. e.*, the May, 1958, term, the January, 1959, term and the May, 1959, term, expired in this criminal action between the end of the term in which the amended information was filed and the term in which the trial was held, during which the delays in the trial of the action were not necessarily and directly caused by affirmative action on the part of the defendant but due to inaction and lack of diligence on the part of the State in bringing the defendant to trial. Therefore, under G. S. 1949, 62-1432 and decisions heretofore cited construing its force and effect, the three terms of court last above specifically mentioned are chargeable to the State and must be counted against it in determining whether the defendant was given the speedy public trial guaranteed him under Section 10 of our Bill of Rights, as supplemented and made effective by the provisions of 62-1432, *supra.*

In view of the conclusions just announced our duty and obligation under the facts and circumstances of this case is clear. When the State is charged with three terms of court, to which we have referred, it becomes obvious the defendant was not brought to trial before the end of the third term of court contemplated by the requirements of 62-1432, *supra,* as construed by our decisions, and was therefore entitled to be discharged on the grounds specified in his second motion seeking that relief. It necessarily follows the trial court erred in overruling such motion for discharge and that its action must be reversed with directions to set aside the judgment and sentence, sustain such motion and discharge the defendant.

It is so ordered.