No. 44,611

STATE OF KANSAS, *Appellee,* v. LAWRENCE EUGENE INGRAM,
*Appellant.*

(426 P. 2d 98)

Opionion filed April 8, 1967.

*Clifford T. Mueller,* of Kansas City, argued the cause and was on the briefs
for the appellant.

*Frank Menghini,* County Attorney, argued the cause, and *Robert C. Londer-
holm,* Attorney General, and *Robert L. Serra,* Assistant County Attorney, were
with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction of grand
larceny and a sentence under the habitual criminal act.

On June 2, 1965, the defendant and two others were appre-
hended while leaving the vicinity of the building housing Sam's
Loan Company. One of the two was carrying a bag which con-
tained thirty-six revolvers and automatic pistols. The guns were
identified as having been taken from the loan company's office.
It was disclosed that the building had been entered through an
air duct that gave access from the roof of the building to the
ground floor. The defendant was definitely identified as one of
the three men near the scene of the crime with the bag of stolen
guns.

The defendant has appealed from his conviction of grand
larceny.

Appellant first contends that he should have been discharged be-
cause he was not granted a speedy trial.

The contention has no merit.

The defendant was informed against during the June term of
the district court of Wyandotte County, the September term was
passed and he was tried during the December term. He was
brought to trial before the end of the second term of the court

having jurisdiction of the offense which was held after the information was filed as required by K. S. A. 62-1431. (*State v. Stanley,* 179 Kan. 613, 296 P. 2d 1088; *State v. Williams,* 187 Kan. 629, 360 P. 2d 11.)

Appellant's contention that the evidence was not sufficient to support the verdict is refuted by our abbreviated statement of the facts which were well supported by the evidence. The fact that the jury did not see fit to convict the appellant of burglary did not reflect on the sufficiency of the evidence to support the conviction of larcency. (*State v. Bratcher,* 105 Kan. 593, 595, 185 Pac. 734.)

The appellant complains of a belated instruction given by the trial court after the jury had been deliberating some three and one-half hours without reaching a verdict. The record discloses no other circumstances surrounding the giving of the instruction.

We will not take space here to set out the rather lengthy instruction. It will suffice to state that the instruction was rather mild in comparison to some such instructions. It concluded as follows:

"Remember at all times that no juror is expected to yield a conscientious conviction he may have as to the weight or effect of evidence. But remember also that after full deliberation and consideration of all the evidence, it is your duty to agree upon a verdict, if you can do so without violating your individual judgement and your conscience.

"You may conduct your deliberations as you choose, but I suggest that you now retire and carefully re-examine and reconsider all the evidence bearing upon the questions before you.

"You may be as leisurely in your deliberations as the occasion shall require; and you shall take all the time which you may feel is necessary."

We considered such an instruction containing stronger language in the recent case of *State v. Basker,* 198 Kan. 242, 424 P. 2d 535, and while disapproving the instruction found no prejudicial error.

Although we do not approve of the instruction in the present case, our objection goes more to the time it was given than to the language used. (*State v. Oswald,* 197 Kan. 251, 417 P. 2d 261.) There would be nothing fundamentally wrong in instructing the jury, as was done in this case, that—

"This is an important case. If you should fail to agree on a verdict, the case is left open and undecided. Like all cases, it must be disposed of sometime. There appears no reason to believe that the case can be again tried better or more exhaustively than it has been on either side. Any future jury must be selected in the same manner and from the same source as you have been chosen. So there appears no reason to believe that the case would ever

be submitted to 12 men more intelligent, more impartial, or more competent to decide it, or that more or clearer evidence could be produced on behalf of either side."

and in further instructing the jury that each juror should pay due attention and give due respect to the views of the others. However, when such an instruction is given after the jury appears to be deadlocked, a juror is liable to reach the conclusion that the trial court desires a verdict regardless of the individual judgment of the minority. In fact it is difficult to see any other basic reason for giving the instruction.

A careful examination of the record discloses no basis for a possibility that the jury reached its verdict because of the belated instruction and the appellant suggests none. We are forced to conclude that the instruction did not constitute prejudicial error.

The appellant further contends that he was prejudiced by the failure of the state to produce a pair of shoes that matched shoe prints on one of the inside walls of the burglarized building so that he could prove they were not his.

The contention is frivolous. There was no contention that the shoe prints were those of the appellant. Further, appellant had available to him the evidence presented in the trial of a co-defendant which included photographs of the shoe prints and the information that the state attempted to introduce the shoes into evidence at the codefendant's trial but was not permitted to do so.

A careful examination of the record discloses no trial errors that would justify the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.

FATZER, J., dissents from holding (3) in the syllabus and the corresponding portion of the opinion.